Filed 6/30/21  P. v. Trout CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD ROBERT TROUT,<br><br>    Defendant and Appellant. | E074623<br><br>(Super.Ct.No. CR62591)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant, Donald Robert Trout, filed petitions for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. On appeal, defendant contends the trial court erred in summarily denying his petition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On the evening of April 12, 1995, defendant and his codefendant, William Austin, went to a home in which a mother and her 10-year-old daughter lived. Also present were a friend (the victim) and the mother's seven-year-old niece. Austin had a handgun, which he pointed at the mother. Defendant told the mother to go sit in the family room. The mother asked what would happen if she refused, and defendant said he would "shoot her." (*People v. Trout*, *supra*, E025443.)

Austin ordered all four into the living room and directed the victim "to lie face down on the floor and tied his ankles and wrists." Austin then called for defendant. Austin told defendant he did not want to touch the mother or the children. Defendant tied the mother's arms behind her. She complained the ties were too tight; defendant cut the ties with a large knife he retrieved from his back pocket and retied them. "One of the intruders, probably defendant, demanded drugs and money." Both defendant and Austin

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of the record in defendant's appeal from the original judgment, on which defendant below relied, and both parties on appeal rely on for their recitation of the facts. (*People v. Trout* (Aug. 8, 2000, E025443) [nonpub. opn.]; see Evid. Code, § 459.)

searched the house, where mother's incarcerated common-law husband was apparently known to keep large sums of money. (*People v. Trout*, *supra*, E025443.)

Austin told the mother and girls to go into the kitchen, where defendant hollered, "What are you doing here?" At that point, Austin said, about the victim, "He's getting away." Austin ran after him. Defendant told the mother and girls to go back into the living room. He pushed the mother and girls out of the way and followed Austin. (*People v. Trout*, *supra*, E025443.)

The mother and girls heard a gunshot. They heard the victim holler as if he was in pain. "A few seconds later, defendant and Austin came running out of the family room, into the living room. Austin retrieved the compact discs and a laptop computer he had piled on a table." The mother and her daughter heard the back door shut and a car drive off. The victim died of a gunshot wound to the chest. (*People v. Trout*, *supra*, E025443.)

"Defendant was arrested two days later. While in jail, he told a custody officer, 'You know I'm not Jeffrey Dahmer, the guy that I shot wasn't cut up into pieces and all that.' Later, defendant told another officer, 'Hey, I know I was there and that I could have done something about it. I just watched him do it, and I didn't do anything to stop him.' Defendant also said, 'I know that because of that, I'm as guilty as my partner.'" (*People v. Trout*, *supra*, E025443.)

On October 13, 1995, the People charged defendant by information with murder (§ 187, count I), robbery (§ 211, count II), and burglary (§ 459, count III). The People additionally alleged that in the commission of all the offenses, a principal was armed with

3

a firearm (§ 12022, subd. (a)(1)); that in his commission of the count I offense, defendant personally used a firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)); that the murder was committed by defendant while engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(i)); and that the murder was committed by defendant while engaged in a burglary (§ 190.2, subd. (a)(17)(vii)).  The People further alleged defendant suffered from two prior strike convictions.  (§§ 667, subds. (c), (e), 1170.12, subd. (c).)

A jury convicted defendant on all counts and found true all enhancement allegations except the personal use of a firearm enhancement attached to count II.[3]  The trial court sentenced defendant to an aggregate term of incarceration of one year, plus 25 years to life, plus life without the possibility of parole.

Defendant appealed the judgment, challenging the sufficiency of the evidence to support findings that he committed first degree murder while engaged in robbery and burglary.  (*People v. Trout*, *supra*, E025443.)  "Defense counsel conceded at trial defendant was a major participant in the robbery and burglary."  (*Ibid*.)  This court therefore noted that the only issue on appeal was "whether defendant acted with reckless indifference to human life."  (*Ibid*.)  This court affirmed the judgment, holding that under a totality of the circumstances, sufficient evidence supported the conclusion that

---

[3]  It is unclear from the record whether the jury found the prior strike allegations true or if defendant admitted the allegations.  In this court's opinion on appeal from the judgment, the court noted, "[t]he jury found defendant did not personally use a firearm in the commission of the murder, and the People concede defendant was not the actual killer and the evidence did not establish he had the intent to kill."  (*People v. Trout*, *supra*, E025443.)

defendant acted with reckless indifference to human life.  (*Ibid*.)  The factors leading to this conclusion included:  (1) defendant knew Austin was armed with a handgun; (2) defendant himself carried a large knife; (3) defendant threatened to shoot the mother if she did not comply; (4) the jury could reasonably conclude defendant proceeded with the robbery despite an awareness that Austin was likely to use a gun if a struggle ensued; and (5) defendant told the police he shot the victim, and he did not assist the victim. (*Ibid*.)

On July 10, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 in the trial court.  On August 1, 2019, the People filed a response in which they argued Senate Bill No. 1437 (2017-2018 Reg. Sess.) was unconstitutional. On August 2, 2019, the court stayed the matter for 90 days pending the outcome of two cases challenging the constitutionality of Senate Bill No. 1437.  (See *People v. Lamoureux* (2020) 57 Cal.App.5th 136; *People v. Salcido* (July 30, 2020, E072629) [nonpub. opn.].)

On August 28, 2019, defendant filed a second petition for resentencing pursuant to section 1170.95 in the trial court;[4] on September 4, 2019, defendant's appointed counsel filed a reply; and on November 8, 2019, pursuant to the parties' stipulation, the court continued the stay.

---

[4] Both of defendant's first two petitions were form petitions in which defendant failed to check the box indicating, "I was not a major participant in the felony **or** I did not act with reckless indifference to human life during the course of the crime or felony." Defense counsel remedied the problems by obtaining the court's leave to file a third petition in which that box was checked.

On January 28, 2020, defense counsel filed a supplemental reply noting that he had "been informally notified by the District Attorney that he intends to object to [defendant's] petition[s] on the basis a special circumstance was found true." Recounting the facts and procedural history of the case using this court's opinion from defendant's appeal of his conviction, which he attached to the reply, defense counsel noted that the jury convicted defendant of first degree murder and found true robbery and burglary special murder circumstances. Defense counsel argued that because the jury's convictions and findings predated the California Supreme Court's clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of what it means to be a "major participant" and to act with "reckless indifference to human life" in the commission of a murder, he had set forth a prima facie case for relief under section 1170.95.

At the hearing on the petition on January 31, 2020, defense counsel informed the court that defendant "had missed checking some of the boxes, so [he wanted] to file an amended petition for resentencing just so that is not an issue that we have to deal with." After discussion between the parties, defense counsel formally asked "for the amended petition for resentencing to be filed." The People had no objection, and the court ordered the amended petition filed.

The People moved to dismiss the petition(s) based on what they argued were the express findings by the jury that defendant had been a major participant acting with reckless indifference or intent to kill. Defense counsel argued that because the special

6

circumstance findings predated *Banks* and *Clark*, defendant was entitled to an evidentiary hearing on whether the evidence supported a conclusion that defendant was a major participant acting with reckless disregard for human life as those concepts had been clarified.

The trial court observed that "on the factual issue to be litigated, . . . I believe that the law of the case ties my hands here. And that is the opinion that I'm giving here." "This petition is denied. The Court believes that the Court of Appeal decision finding this felony murder special adequate is binding."

## II. DISCUSSION

Defendant contends the trial court erred in summarily denying his petition based on the 1999 jury findings that defendant acted with reckless disregard for human life given that the later decisions in *Banks* and *Clark* "provide additional insight into" the meaning and factors relevant to such determinations. Therefore, defendant argues, there was a "stark change in the law post-*Banks* and *Clark*" such that "earlier jury findings cannot be relied upon to conclusively establish that [defendant] acted with reckless disregard when he committed the underlying crime." We disagree.

### A.    *Legal Background.*

"In 2018 the Legislature enacted Senate Bill No. 1437 . . . , which abolished the natural and probable consequences doctrine . . . . Under section 189, subdivision (e), as amended by Senate Bill No. 1437, a defendant is guilty of felony murder only if he: actually killed the victim; directly aided and abetted or solicited the killing, or otherwise

7

acted with the intent to kill; or 'was a major participant in the underlying felony and acted with reckless indifference to human life.' [Citations.] The legislation also enacted section 1170.95 [(Stats. 2018, ch. 1015, § 4)], which established a procedure for vacating murder convictions for defendants who would no longer be guilty of murder because of the new law and resentencing those who were so convicted." (*People v. Murillo* (2020) 54 Cal.App.5th 160, 166 (*Murillo*), review granted Nov. 18, 2020, S264978.)

"Section 1170.95 allows a defendant serving a sentence for felony murder who would not be guilty of murder because of the new law to petition for resentencing. The statute requires a defendant to submit a petition affirming that he meets three criteria of eligibility: (1) He was charged with murder in a manner 'that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine' [citation]; (2) He 'was convicted of' or pleaded guilty to 'first degree murder or second degree murder' [citation]; and (3) He 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as a part of Senate Bill No. 1437 [citation]. As described above, those changes eliminated the natural and probable consequences doctrine as a basis for murder liability, and added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony and have acted with reckless indifference to human life." (*Murillo*, *supra*, 54 Cal.App.5th at p. 166.)

Section 1170.95, subdivision (b), states that the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the

8

trial court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required information is missing and cannot "readily [be] ascertained by the court, the court may deny the petition without prejudice to the filing of another petition." (*Id*., at subd. (b)(2).)

Section 1170.95, subdivision (c), sets forth the trial court's responsibilities once a complete petition has been filed: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." If the court issues an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (*Id*., at subd. (d).) At that hearing, the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (*Id*., at subd. (d)(3).) The prosecutor and petitioner "may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Ibid.*)

In short, a section 1170.95 petitioner must first make a prima facie case for relief and, if they are able to do so, the trial court must issue an order to show cause and hold a

hearing to determine whether to vacate the murder conviction and recall the sentence. (See, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493.) "'A prima facie showing is one that is sufficient to support the position of the party in question.'" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598, quoting *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851.)

In this case, the trial court denied defendant's petition at the first stage of prima facie review under section 1170.95, subdivision (c). "A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*Murillo*, *supra*, 54 Cal.App.5th at p. 167; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142 (*Galvan*), review granted Oct. 14, 2020, S264284.)

"To be eligible for resentencing under section 1170.95, [a defendant] must show that he 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as a part of Senate Bill No. 1437. [Citation.] Under the newly amended version of section 189, a defendant can be convicted of felony murder only if he was the actual killer; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in first degree murder; or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.'" (*Murillo*, *supra*, 54 Cal.App.5th at p. 167.)

10

A jury's special circumstance finding shows as a matter of law that the defendant could still be convicted of murder under the new definition; thus, preventing the defendant from making a prima facie case that he is eligible for resentencing under section 1170.95. (*Murillo*, *supra*, 54 Cal.App.5th at p. 167; *Galvan*, *supra*, 52 Cal.App.5th at p. 1141 ["Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated."]; *People v. Gomez* (2020) 52 Cal.App.5th 1, 15 (*Gomez*), review granted Oct. 14, 2020, S264033; accord, *People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*), review granted Jan. 27, 2021, S265854 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."]; contra, *People v. Torres* (2020) 46 Cal.App.5th 1168, 1173 (*Torres*), review granted June 24, 2020, S262011 [trial court's exclusive use of jury's special circumstance findings alone was not sufficient to preclude § 1170.95]; accord, *People v. Smith* (2020) 49 Cal.App.5th 85, 94 (*Smith*), review granted July 22, 2020, S262835 [some special circumstance findings will not preclude § 1170.95 eligibility as a matter of law]; *People v. York* (2020) 54 Cal.App.5th 250, 258 (*York*), review granted Nov. 18, 2020, S264954 ["[A] pre-*Banks* and *Clark* special circumstance finding cannot preclude eligibility for relief under . . . section 1170.95 *as a matter of law* . . . ."]; *People v. Secrease* (2021) 63 Cal.App.5th 231, 254 (*Secrease*) ["[A] murder defendant facing a pre-*Banks* and *Clark* felony-murder special circumstance may

11

properly allege that the murder conviction is no longer valid 'because of changes to Section 188 or 189 made effective January 1, 2019.'"].)

B.    *Robbery and Burglary Special Murder Circumstance Findings.*

Here, the jury found defendant guilty of first degree murder with robbery and burglary special circumstances.  (*People v. Trout*, *supra*, E025443.)  As this court noted in its prior opinion, section 190.2 provided that "if the defendant was not the actual killer and did not have the intent to kill, he can receive death or life without parole only if he was a 'major participant' in the underlying felony and acted with 'reckless indifference to human life.'  (§ 190.2, subds. (c), (d).)"  (*Ibid.*)  Defense counsel conceded at trial that defendant was a major participant in the robbery and burglary.  Since the People conceded defendant was not the actual killer and did not have an intent to kill, the jury could only have rendered the special circumstance findings if it found that he had acted with reckless indifference to human life.  (*Ibid.*)

This court, in upholding the sufficiency of the evidence to support the jury's robbery and burglary special circumstance findings, identified several factors supporting the conclusion that defendant acted with reckless indifference to human life, including: (1) defendant knew Austin was armed with a handgun; (2) defendant himself carried a large knife; (3) defendant threatened to shoot the mother if she did not comply; (4) the jury could reasonably conclude defendant proceeded with the robbery despite an awareness that Austin was likely to use a gun if a struggle ensued; and (5) defendant told

12

the police he shot the victim and did not assist the victim. (*People v. Trout*, *supra*, E025443.)

The jury's findings, and this court's affirmance of those findings, even under current law, would render defendant ineligible for relief pursuant to section 1170.95. (§ 189, subd. (e)(2), (e)(3); *People v. Verdugo*, *supra*, 44 Cal.App.5th at p. 326; *Murillo*, *supra*, 54 Cal.App.5th at p. 167 [true finding on burglary special murder circumstance rendered defendant ineligible for § 1170.95 relief]; accord, *Galvan*, *supra*, 52 Cal.App.5th at pp. 1140-1141 [any murder special circumstance finding under § 190.2, subd. (a)(17), renders defendant ineligible for § 1170.95 relief as a matter of law]; *Jones*, *supra*, 56 Cal.App.5th at p. 482 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."]; cf. *Gomez*, *supra*, 52 Cal.App.5th at p. 15 [the jury's true findings on robbery and kidnapping special circumstance allegations rendered defendant ineligible for § 1170.95 relief as a matter of law]; contra, *Torres*, *supra*, 46 Cal.App.5th at p. 1173; accord, *Smith*, *supra*, 49 Cal.App.5th at p. 94; accord, *York*, *supra*, 54 Cal.App.5th at p. 258; *Secrease*, *supra*, 63 Cal.App.5th at p. 254.) We agree with *Gomez*, *Galvan*, *Murillo*, and *Jones* and hold that the jury's burglary and robbery special circumstance findings in this case necessarily established as a matter of law that defendant acted with reckless indifference to human life. Thus, the trial court properly denied defendant's petition.

13

C. *The Proper Vehicle to Challenge a Felony-murder Special Circumstance*

*Finding is a Petition for Writ of Habeas Corpus.*

Despite the jury's burglary and robbery special circumstance findings, defendant contends that the evidence is insufficient to support a finding that he acted with reckless indifference to human life under *Banks* and *Clark*, which were decided subsequent to the judgment in his case. He therefore asserts he may maintain a challenge to the sufficiency of the evidence to support those findings in his section 1170.95 proceedings. We disagree.

A number of cases have found that "the proper remedy for challenging a special circumstance finding is by a petition for habeas corpus, not a petition for resentencing under section 1170.95." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1137; see *Murillo*, *supra*, 54 Cal.App.5th at pp. 167-168); *Gomez*, *supra*, 52 Cal.App.5th at p. 17; *Jones*, *supra*, 56 Cal.App.5th at pp. 483-484 ["'Jury instructions regarding the mental state required for a felony-murder special circumstance are not defective if they do not include the *Banks* and *Clark* factors. [Citation.] Indeed, the pattern jury instruction regarding major participation and reckless indifference remains the same as it was before *Banks* and *Clark.*'".]) Petitioners like defendant "'had the same incentive' at their original trials to attempt to minimize their involvement in the robbery and their culpability for the killings as they would have had if their trials 'had taken place after *Banks* and *Clark.*' [Citation.] In short, *Banks* and *Clark* did not significantly narrow the definitions of 'major participant' and 'reckless indifference,' and there is no

14

basis for concluding that [defendant's] jury was asked to resolve different factual issues than a correctly instructed post-*Banks/Clark* jury would be asked to resolve." (*Jones*, at p. 484.) We agree with *Gomez*, *Galvan*, *Murillo*, and *Jones* and hold that the proper procedure of challenging a felony-murder special circumstance finding is a petition for writ of habeas corpus.[5] Thus, the trial court properly denied defendant's petition for resentencing summarily.

## III.  DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

RAMIREZ
P. J.

---

[5] We acknowledge the contrary holdings in *Torres*, *supra*, 46 Cal.App.5th 1168, *Smith*, *supra*, 49 Cal.App.5th 85, *York*, *supra*, 54 Cal.App.5th 250, and *Secrease*, *supra*, 63 Cal.App.5th 231, which would allow defendants to challenge the validity of murder convictions that predated the *Banks* and *Clark* decisions, by requiring the People to prove, once again, the special circumstances beyond a reasonable doubt. We simply disagree that the language of section 1170.95 provides defendant an opportunity to relitigate special circumstance findings because of the clarification of the requirements for those findings in *Banks* and *Clark*.

15

[*People v. Trout*, E074623]

RAPHAEL, J., Dissenting.

I respectfully dissent because I think it incorrect to require defendant and appellant Donald Robert Trout, who is challenging his murder conviction under Penal Code section 1170.95 (section 1170.95), to set aside his felony murder special circumstance finding through a petition for a writ of habeas corpus before obtaining review here.

The changes to Penal Code section 189, subdivision (e)(3), effective at the beginning of 2019 make it possible for a defendant convicted on a felony murder theory to challenge his murder conviction under section 1170.95 on the ground that he was not a major participant in the underlying felony who acted with reckless indifference to human life. With codefendant William Austin, defendant committed a robbery during which Austin shot the victim dead; in his 1995 jury trial, defendant was convicted of murder on a felony murder theory. Defendant's jury was required to find he was a """major participant""" with """reckless indifference""" when it found true his robbery murder special circumstance. (Maj. opn., *ante*, at pp. 11-12.) But no court reviewed whether the facts were sufficient under the later decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

I think our division had it right in *People v. Law* (2020) 48 Cal.App.5th 811, 825, when we held that in such a situation, the special circumstance finding, on its own, does not preclude an evaluation of the murder conviction under section 1170.95. Today, following other cases, the majority holds that the "proper vehicle" for the defendant is a

1

habeas petition to set aside his special circumstance findings, and that he may not "maintain a challenge to the sufficiency of the evidence" in a section 1170.95 proceeding until he does so. (Maj. opn., *ante*, at p. 13.) In contrast, I see nothing in the text or purpose of the statute to require that the special circumstance be set aside through a habeas petition before the murder conviction can be evaluated under section 1170.95.

Because the evidence supporting defendant's special circumstance finding has not been reviewed for sufficiency under *Banks* and *Clark*, a court "could properly determine he was ineligible for relief as a matter of law only after reviewing the available record of conviction in light of the *Banks* and *Clark* factors." (*People v. Harris* (2021) 60 Cal.App.5th 939, 956-958, review granted Apr. 28, 2021, S267802.) Here, there are certainly facts that the prosecution might use to sustain its burden of proof at a section 1170.95 hearing. But under section 1170.95 the court's authority to make factual determinations "without conducting an evidentiary hearing pursuant to section 1170.95, [subdivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction) rather than factfinding involving the weighing of evidence." (*People v. Harris*, *supra*, 60 Cal.App.5th at p. 958.) For that reason, I would reverse and remand for the trial court to evaluate the facts through the evidentiary hearing procedures in 1170.95, subdivision (d).

RAPHAEL       

J.

2